**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ANDREA DARDY,

      Plaintiff,

v.                                                    **Case No.: 0:22-cv-60744-WPD**

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES, INPHYNET
SOUTH BROWARD, LLC, EQUIFAX
INFORMATION SERVICES, EXPERIAN
INFORMATION SOLUTIONS, INC., and
TRANSUNION, LLC,
      Defendants.
_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("ARS"), and files its Answer and Affirmative Defenses to the Plaintiff's Complaint in the above-entitled matter, denies each and every allegation in the Complaint [DE 1], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

1.    Admitted for purposes of claims identification, jurisdiction, and venue only; otherwise denied.

## JURISDICTION AND VENUE

2.    Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

1

3.    Admitted for purposes of personal jurisdiction, venue,  and claims identification only; otherwise denied.

4.    Admitted for purposes of venue only; otherwise denied.

### PARTIES

5.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

6.    The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

7.    The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

8.    The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

9.    Admitted to the extent that Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services has a principal place of business located in Sunrise, Florida; Defendant ARS admits this paragraph for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

10.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

11.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

2

12.      Admitted for purposes of jurisdiction and venue only; otherwise denied.

13.      Admitted for purposes of jurisdiction and venue only; otherwise denied.

14.      Admitted.

15.      The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

16.      The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

17.      The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

18.      The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

19.      The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

20.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

21.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

22.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

23.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

**FACTUAL ALLEGATIONS**

24.     Admitted to the extent that Defendant ARS was retained by the original creditor to seek repayment of a past due medical debt obligation claimed due by the Plaintiff to the original creditor. Otherwise, denied.

25.     Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. Otherwise, denied as unknown at this time.

4

26.      Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. Otherwise, denied as unknown at this time.

27.      Denied. Defendant demands strict proof thereof.

28.      Admitted to the extent that Defendant ARS was retained to collect a past due medical debt obligation from the Plaintiff. Otherwise, denied.

29.      Admitted to the extent that Defendant ARS furnished information reasonably believed to be accurate in reliance upon representations from the original creditor. Otherwise, denied.

30.      Unknown at this time. Therefore, denied.

31.      Unknown at this time. Therefore, denied.

32.      The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

33.      Denied. Defendant demands strict proof thereof.

34.      Denied.

35.      Unknown at this time as to the payment obligations between the Plaintiff and her counsel. Therefore, denied as unknown.

## Count I

## Inphynet: Fair Credit Reporting Act (1681s-2(b))

36.      ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

37.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

38.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

39.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

40.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

<u>**Count II**</u>

**Inphynet: Florida's Consumer Collection Practices Act ("559.72(9)")**

1.      [1]ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

---

[1] The paragraph numbering in this section is misnumbered from the Plaintiff's Complaint.  To avoid confusion, the paragraphs listed here are duplicated from the Complaint.

2.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

## Count III

### ARS: Fair Credit Reporting Act ("1681s-2(b)")

41.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

42.     Denied; Defendant demands strict proof thereof.

43.     Denied; Defendant demands strict proof thereof.

44.     Denied; Defendant demands strict proof thereof.

45.     Denied; Defendant demands strict proof thereof.

## Count IV

### ARS: Fair Debt Collection Practices Act ("1692e(2)(A)")

46.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

47.     Denied; Defendant demands strict proof thereof.

## Count V

### ARS: Florida's Consumer Collection Practices Act ("559.72(9)")

48.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

49.     Denied; Defendant demands strict proof thereof.

## Count VI

**Equifax: Fair Credit Reporting Act ("1681e(b)")**

50.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

51.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

52.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

53.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

54.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

**Count VII**

**Equifax: Fair Credit Reporting Act ("1681i")**

55.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

8

56.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

57.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

58.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

59.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

## Count VIII

### Experian: Fair Credit Reporting Act ("1681e(b)")

60.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

61.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or

deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

62.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

63.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

64.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

## Count IX

### Experian: Fair Credit Reporting Act ("1681i")

65.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

66.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

67.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

68.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

69.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

## **Count X**

### **TransUnion: Fair Credit Reporting Act ("1681e(b)")**

70.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

71.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

72.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or

deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

73.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

74.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS, the allegations are denied.

## Count XI

## TransUnion: Fair Credit Reporting Act ("1681i")

75.     ARS incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

76.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS , the allegations are denied.

77.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS , the allegations are denied.

78.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS , the allegations are denied.

79.     The factual allegations asserted in this paragraph are directed to a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. To the extent that the factual allegation is asserted directly, indirectly or vicariously against Defendant ARS , the allegations are denied.

## Jury Demand

80.     Defendant hereby demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which ARS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against ARS.

### FOURTH AFFIRMATIVE DEFENSE

While ARS denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then ARS alleges such damage was not caused by ARS but was

proximately caused or contributed to by the conduct of others for whom ARS is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part because ARS at all times acted in a reasonable manner and in good faith.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has been damaged, which ARS specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from ARS.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

ARS conducted a reasonable re-investigation to determine the accuracy of the information furnished to the credit reporting agencies relying on the information from the original creditor and such actions were reasonable and were neither negligent nor willful.

## NINTH AFFIRMATIVE DEFENSE

ARS conducted a reasonable re-investigation to determine the accuracy of the information furnished to the credit reporting agencies relying on the information from the original creditor and such actions were determined to be accurate and reasonable.

## TENTH AFFIRMATIVE DEFENSE

14

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), Section 1692k and/or Florida's Consumer Collection Practices Act ("FCCPA") since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that allegations of credit bureau reporting asserted under the FCCPA are not actionable as the allegations are preempted by the Fair Credit Reporting Act. *See Bauer v. Target Corporation*, 2012 WL 4054296 (M.D. Fla. 2012). ("FCRA, 15 U.S.C. § 1681s–2, imposes affirmative duties on furnishers of credit information in order to assure the accuracy of a credit report.") *see also*: *Peart v. Shippie,* 345 F. App'x 384, 386 (11th Cir.2011) (citing *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir.1991)). *See Osborne v. Vericrest Fin., Inc.,* No. 8:11–cv–716–t–30TBM, 2011 WL 1878227, at *2–3 (M.D. Fla. May 17, 2011) ("Defendant's motion to dismiss based on preemption is granted to the extent that the FCCPA claim is premised on credit reporting activity."); *Menashi v. Am. Home Mortg. Servicing, Inc.,* No. 8–11–cv–1346–T–23EAJ, 2011 WL 4599816, at *2 (M.D. Fla. Oct.4, 2011); *Allmond v. Bank of America,* No. 3–07–cv–186–J–33JRK, 2008 WL 205320, at *7 (M.D. Fla. January 23, 2008) (citing *Knudson v. Wachovia Bank,* 513 F.Supp.2d 1255, 1259 (M.D.Ala.2007).

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant asserts that it lacked the requisite actual knowledge to support a claim under Section 559.72(9) *Fla. Stat.*

**WHEREFORE,** Defendant, ARS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1.      dismissing all alleged causes of action against ARS with prejudice and on the merits; and

2.      Award ARS such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **22nd** day of **June 2022.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 22, 2022**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the attorneys of record: Joel D. Lucoff, Esquire of  Debt Shield Law at joel@debtshieldlaw.com and service@debtshieldlaw.com  *(Attorneys for Plaintiff).*

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0110108
SKohlmyer@shepardfirm.com
service@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*
